**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4248**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIDNEY DERROD EVANS, a/k/a Dooley,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:02-cr-00225-AWA-2)

---

Submitted:  February 26, 2026                          Decided:  March 26, 2026

---

Before WYNN, Circuit Judge, and TRAXLER and FLOYD, Senior Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Amanda C. Conner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Lindsey Halligan, United States Attorney, James Reed Sawyers, Assistant United States Attorney, Darryl James Mitchell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sidney Derrod Evans appeals his 36-month term of imprisonment, which the district court imposed after revoking Evans's term of supervised release. Evans argues that his upward-variant revocation sentence is substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This [c]ourt will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine whether a revocation sentence is plainly unreasonable, we "must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Id.* at 437 (citation modified).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (citation modified); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (citation modified).

The requirement that the district court sufficiently explain the chosen sentence is "intended to allow for meaningful appellate review and to promote the perception of fair

2

sentencing." *United States v. Slappy*, 872 F.3d 202, 207-08 (4th Cir. 2017) (citation modified). "And although the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *Id.* at 208 (citation modified). Moreover, if the court "concludes a sentence outside the advisory guidelines range is appropriate, that departure should be supported by a more significant justification than would be otherwise required for an in-range sentence." *United States v. Celedon*, 165 F.4th 873, 880 (4th Cir. 2026) (citation modified). "To provide an adequate explanation and proof of its individualized assessment, while a district court need not tick through every subsection of § 3553(a), it must be evident that the district court considered the § 3553(a) factors with regard to the particular defendant." *Id.* (citation modified).

Evans argues that his revocation sentence is substantively unreasonable because it exceeded the Government's requested, top of the policy-statement-range sentence and because the court failed to explain why it rejected the Government's request, or why an upward-variant sentence was more appropriate than a policy-statement-range sentence in light of the § 3553(a) factors.[*] We conclude, however, that the court did not err, plainly or otherwise, in imposing an upward-variant sentence in this case. As the district court explained, Evans had, while on federal supervision, committed numerous violations, including committing crimes such as eluding police and identity theft, assault and battery

---

[*] Although Evans does not raise the issue, we have confirmed that his revocation sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

3

of a family member, falsely identifying himself to police to avoid arrest, failing to appear in state and federal court, and testing positive for drug use on multiple occasions. The court also found the sentence necessary to deter Evans considering that the severity of his violations was escalating, and he had previously received leniency from the court at his prior revocation hearings. Finally, the court cited a strong need to protect the public from Evans in light of his decisions to continue violating the law even while under federal supervision. We hold that the court stated an appropriate basis for concluding that Evans should receive the sentence imposed.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*